United States District Court
Southern District of Texas
**ENTERED**
February 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEE INSPIRED, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-01252 |
| | § | |
| ANDREW ISABELL, *et al.*, | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 24). After careful consideration of the briefing, the record, and the applicable law, the Court **GRANTS** the Motion (Dkt. 24) and **DISMISSES** this lawsuit.

## I.    FACTUAL BACKGROUND

Plaintiff Bee Inspired, LLC ("Bee Inspired") owns a tract of land within unincorporated territory of Walker County, Texas (the "Property"). (Dkt. 23 at p. 3). Bee Inspired purchased the Property from Pineywoods Ranch Partners, LLC ("Pineywoods"). *Id*. Bee Inspired sought to develop the Property, and "Pineywoods submitted the application for the Walker Country Floodplain Regulations Development Permits … on behalf of" Bee Inspired. *Id*. Certain of the permits issued by Walker County "required all subject properties to have been assigned a registered 9-1-1 addresses before being granted." (*Id*. at p. 4). As such, a member of Bee Inspired, Deborah May ("May"), submitted a 9-1-

1 address application via email. *Id*. Defendant Andy Isbell ("Isbell"), as the Director of Planning and Development for the County, denied the application. *Id*.

Pineywoods petitioned the Walker County Commissioners Court (the "Commissioners Court") and "had the matter concerning the issuance of addresses and development permits added to the agenda" for a public meeting. *Id*. At the meeting, the Commissioners Court declined to approve the development permits and refused to name the road providing access to the Property. (*Id*. at p. 6).

Now, Bee Inspired brings claims against Defendants for "ultra vires as to all Defendants in their official capacities relating to the assignment of 9-1-1 addresses and street names," "ultra vires as to the County Judge and Commissioners in their official capacities relating to the application of subdivision regulations and denial of development permits," and violations of the Fourteenth Amendment under 42 U.S.C. § 1983. (Dkt. 23 at pp. 11 – 21).

Bee Inspired seeks both money damages and equitable relief, requesting that the Court issue an order compelling the Defendants to "comply with Texas law by" assigning a registered 9-1-1 address to the Property, assigning a registered 9-1-1 street name to the private road providing access to the Property, issuing all the development permits sought by Bee Inspired, and "ceasing to require that [Bee Inspired] comply with the Subdivision Regulations before permits for its Property are issued." (*Id*. at p. 21).

Defendants move under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of Bee Inspired's claims against them. (Dkt. 24). Defendants argue

that this Court does not have jurisdiction over Bee Inspired's claims and, in the alternative, that Bee Inspired has failed to state a claim. *Id*.

## II.    LEGAL STANDARD

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the Court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). "[S]tanding and ripeness are essential components of federal subject-matter jurisdiction" and are challenged under Rule 12(b)(1). *Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1032 (S.D. Tex. 2016) (quoting *In re Jillian Morrison*, L.L.C., 482 Fed. Appx. 872, 875 (5th Cir. 2012)).

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

attack on the merits." *Ramming*, 281 F.3d at 161. The Court finds that Bee Inspired's claims are appropriate for dismissal under Rule 12(b)(1) and does not reach the parties' arguments under Rule 12(b)(6).

## III.    ANALYSIS

The Court finds that it does not have subject-matter jurisdiction to hear Bee Inspired's claims because the claims are not ripe. As noted above, "[r]ipeness is a question of law that implicates this court's subject matter jurisdiction." *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (quoting *New Orleans Pub. Sen., Inc. v. Council of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987)). To assess ripeness, courts evaluate "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 930 (5th Cir. 2023) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)) (cleaned up).

"[A] claim is 'fit for judicial decision' if it presents a pure question of law that needs no further factual development." *Id.* (citing *New Orleans Pub. Serv.*, 833 F.2d at 586-87). "This means that a claim is ripe so long as it is not 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all.'" *Roake v. Brumley*, 141 F.4th 614, 629 (5th Cir. 2025) (quoting *Book People, Inc. v. Wong*, 91 F.4th 318, 333 (5th Cir. 2024)) (alteration in original). The Court finds that these claims need further factual development.

Bee Inspired argues that its claims are ripe "because there are no additional factual developments that would put the Court in a better position to rule on [Bee Inspired's] causes of action." (Dkt. 25 at p. 8). However, Bee Inspired admits that it has not filed the requisite application to receive the sought-after permits. (Dkt. 25 at p. 11) ("[Bee Inspired] never alleged that it [] submitted the development permit application form."). Further, while May did file an application for a 9-1-1 address, the application was incomplete. (Dkt. 25 at p. 10).

On this point, Bee Inspired's argument is persuasive: it is unable to file a complete application for a 9-1-1 address until Defendants assign the road providing access to the Property a name—which Defendants have already refused to do. *Id*. However, Bee Inspired *itself* never requested that Defendants assign the road a name. (Dkt. 23 at p. 4). Instead, Pineywoods, allegedly "acting on behalf of" Bee Inspired, requested that the matter be addressed at a public meeting. *Id*. Yet Pineywoods was the previous owner, and Bee Inspired owned the Property at the time of the request. *Id*. In this way, Bee Inspired has not taken the action necessary to support its claims—namely, submitting complete requests for the naming of the road, the assignment of 9-1-1 addresses, and the sought-after permits. Instead, it anticipates that Defendants will deny these requests, just as it did for the previous landowners.

The Court finds that this matter needs further factual development. Without Bee Inspired having pursued the permits itself, its claims remain contingent on a presumed future denial of such applications by Defendants. Such denial may not occur as anticipated,

or at all. Accordingly, the Court finds that it does not have subject matter jurisdiction over these claims, and the motion must be granted.

## IV.    CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss (Dkt. 24) and **DISMISSES** this lawsuit **WITHOUT PREJUDICE**. Final judgment is to follow.

Signed at Houston, Texas on February 20, 2026.

GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE